MYERS, Plaintiff-Appellant, v. MONDA, Exr.,
Defendant-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No. 3307.   Decided November 7, 1949.

Friedman & Rummell, Youngstown, for plaintiff-appellant.
Morgan, Powers & Cooper, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, PJ.

In this opinion plaintiff and defendant in the court of common pleas, and appellant and appellee respectively in this appeal, will be referred to as they stood in the court of common pleas.

Plaintiff sued defendant, executor of the estate of Marie Monda, in the court of common pleas to recover the proceeds of a note held by and payable to her, allegedly signed by defendant's decedent.

The jury returned a verdict for the defendant, upon which the trial judge subsequently duly entered judgment, from which judgment plaintiff appealed to this court on questions of law; contending that "the verdict of the jury was based on passion and prejudice, is contrary to the evidence, to the manifest weight of the evidence," and "to law," and claiming "other errors prejudicial to her rights."

Plaintiff's daughter testified that she drew the note and signed as a witness thereon at the request of defendant's decedent, which decedent signed in her presence and that of plaintiff, who at that time returned a note formerly executed by defendant's decedent to her.

Plaintiff testified on cross examination that years ago she had been arrested for keeping a "disorderly house," which counsel for plaintiff claims "filled the minds of the jury with passion and prejudice," but to which he did not object nor except, after the receipt of which defendant's counsel stated by brief "I saw my action go right out the window"; that defendant promised to pay the note sued upon when he sold his farm or his car, but never kept his promise.

Defendant's witness and employee, a former employee of defendant's decedent, who qualified as being familiar with the signature of defendant's decedent, testified that the signature on the note sued upon was not the signature of defendant's decedent.

Another of defendant's witnesses, a clerk in a department store, who likewise qualified as a witness familiar with the signature of defendant's decedent, also testified that the signature on such note was not that of defendant's decedent.

Defendant testified that notes bearing the alleged signature of decedent were exhibited to him on two occasions in the offices of his counsel and plaintiff's counsel respectively, neither of which was the note exhibited to him in the court of common pleas upon which suit was brought.

Exhibits containing an admitted genuine signature of defendant's decedent were introduced into evidence.

We have read the meager bill of exceptions submitted to us for review, and, without further reference to the evidence contained therein, conclude that the plaintiff was not prejudiced in the trial in the court of common pleas in any of the respects urged, upon which we pass.

Appellant's counsel has failed to call our attention to "other errors prejudicial to the rights of the plaintiff-appellant" as alleged as a ground of error; nor to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

The judgment of the court of common pleas is affirmed.

NICHOLS, J, BUCKLEY, J, concur in judgment.